**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR 1-25-0042** |
| | ) | |
| **JOSHUA MISTER HOLMES,** | ) | |
| **COLESHIA CARTER,** | ) | |
| **and** | ) | |
| **TORRANCE URBAN MILLER** | ) | |

## <u>ORDER</u>

Before the court is the Government's Motion to Authorize Alternative Procedures Pursuant to 18 U.S.C. § 3771(d)(2), filed July 21, 2025. The Government seeks an order from the Court approving the use of alternate means to provide notice to the large number of crime victims in this case. Under 18 U.S.C. § 3771(a)(2), crime victims have a right to "reasonable, accurate, and timely notice" of public court proceedings. In this case, the alleged victims of the charged offense of possession of stolen mail had deposited various mail items in the United States Postal system and it is alleged that the Defendant later unlawfully possessed those mail items after the mail items had been stolen from the United States Postal system.

The government represents that during its investigation, the United States Postal Inspection Service has discovered approximately 400 victims who had their mail stolen while in the United States Postal system, and those mail items were in the possession of the Defendant. Thus, it will be impracticable for the Government to identify and locate all the victims and then to provide them with reasonable, accurate, and timely notice by mail or e-mail of the various court proceedings.

Under such circumstances, 18 U.S.C. § 3771(a)(2) of the Crimes Victims' Rights Act gives the court the authority to "fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." The Government seeks authorization to provide an alternate means to provide notice to the large number of crime victims in this case. In its motion, the Government sets out its proposed actions to comply with 18 U.S.C. § 3771. The court finds the proposal meritorious and grants the Government's motion.

Therefore, the court finds that: (1) the "multiple victim" provisions of 18 U.S.C. § 3771(d)(2) apply to the above entitled and numbered cause; (2) it is impractical, because of the number of victims, for the Government and the court to identify all the direct and proximate victims of the charged offenses, on an individual basis, without unduly complicating or prolonging the proceedings; and (3) the proposal set forth in the Government's motion is a "reasonable procedure" to give effect to the provisions of 18 U.S.C. § 3771.

Accordingly, it is ordered that the Government is authorized to comply with the provisions of 18 U.S.C. § 3771(a)(2) in the above-entitled case by providing notice of the court proceedings as provided in the proposal set forth in its motion.

SO ORDERED, this _____ day of _____, 2025.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE
SOUTHERN DISTRICT OF GEORGIA